**STATE, Plaintiff-Appellee, v. ROBINSON, Defendant-Appellant.**

Ohio Appeals, Fourth District, Scioto County.

No. 677.   Decided July 22, 1958.

Everett Burton, Pros. Atty., for plaintiff-appellee.
William L. Howland, Portsmouth, for defendant-appellant.

## OPINION

By COLLIER, PJ.

This is an appeal on questions of law from the judgment of the

Common Pleas Court of Scioto County in which the defendant, Joseph Robert Robinson, was found guilty of robbery in violation of §2901.12 R. C. A trial by jury was waived by the defendant, who requested a trial before a court of three judges pursuant to §2945.07 R. C. The defendant first entered a plea of not guilty and later entered a plea of guilty by reason of insanity. A motion for a new trial was overruled and sentence was pronounced against him.

At the trial there was no controversy in the evidence as to the facts which may be briefly summarized as follows: Joseph Robert Robinson was 29 years of age, married and the father of four minor children; that on the morning of May 18, 1957, the defendant received the sum of $24.65 as wages owing to him from a former employer and passed the morning visiting several taverns where he drank thirteen bottles of beer and played pinball machines; that in these taverns he spent about $23.00 and had left about $1.50 of the money he had received that morning; that about 1:00 p. m. he entered a grocery store operated by William Herbert Schmid, 72 years of age; that one lady customer was in the store at the time the defendant entered; that defendant purchased a box of crackers, left the store and remained on the sidewalk until the lady customer departed, then re-entered the store; that defendant told Schmid he wanted a can of soup; that when Schmid turned his back to get the particular kind of soup the defendant wanted, defendant struck Schmid on the head with a can of soup he held in his hand; that Schmid fell to the floor and the defendant continued to strike him with several different articles of merchandise, including a can of grapefruit juice; that defendant then ran to the cash register and then hurriedly left the store; that a policeman was sitting in a police car nearby, saw defendant run from the store and saw Schmid come to the sidewalk bleeding; that the policeman pursued the defendant and apprehended him within a few minutes; Robinson was taken back to the store and was identified by Schmid; that at the time of arrest Robinson had the sum of approximately $107.00 in his pocket; that defendant was taken to the city jail and later that day signed a written confession in which he admitted commission of the crime and two days later signed a similar confession procured by an investigator from the prosecuting attorney's office.

That in March, 1957, defendant received treatment as an out patient from the Portsmouth Mental Receiving Hospital; that on July 26, 1957, after the defendant had been indicted, defendant was found not sane and mentally ill in the Common Pleas Court and ordered committed to the Athens State Hospital until restored to reason; that on November 17, 1957, defendant was released from this hospital to the custody of his wife as restored to reason but not cured from a psychiatric viewpoint.

In his first assignment of error, defendant claims there was no evidence adduced that defendant stole anything of value from the person of Schmid; that the corpus delicti was not shown; that for that reason the alleged confession was not properly admissible in evidence. The state adduced no direct and positive evidence to establish this essential

fact. The victim of the alleged robbery testified that prior to the time the defendant entered the store, the cash register contained approximately $130.00, but did not say how much money was in it after the incident. He did testify to the fact that the defendant, after he had beaten him, ran to the cash register; and the police officer testified that the defendant had approximately $107.00 in his pocket a few minutes later when he was arrested. Obviously, without considering the confession in which the defendant admits taking the money from the cash register, we must conclude that this essential element of proof is lacking.

The question then arises may the confession be considered for that purpose. The first thing to be shown in a criminal trial is that a particular crime has been committed. In other words, establish the corpus delicti. Until this has been shown, it is not competent to receive any proof as to who is the criminal. See 15 O. Jur 2d 620, Section 455; 20 Am. Jur. 1083; State v. Knapp, 70 Oh St 380, 71 N. E. 705. 15 O. Jur. 2d, Section 404, on criminal law reads in part:

"but while an extrajudicial confession cannot of itself be used to prove the corpus delicti, it may be taken in connection with other evidence in the case, either positive or circumstantial, in making out the corpus delicti. If there are at least some extrinsic corroborating circumstances tending to prove criminal agency, an extrajudicial confession is competent as evidence; in such case, full, direct, and positive evidence of the corpus delicti is not indispensable to admit the confession in evidence. And if such extrinsic corroborating facts, when considered with the confession, persuade the jury beyond a reasonable doubt of the prisoner's guilt as charged, the evidence will support a verdict of guilty."

In our opinion, the extrinsic corroborative facts as shown by the testimony of the victim and the police officer tending to establish the corpus delicti are sufficient to render the confession admissible; and when these corroborative facts are considered with the confession, the evidence is sufficient to establish the completion of the crime as charged in the indictment.

Under this assignment of error the defendant also contends that since the money was not actually taken from the person of Schmid but from the cash register, the crime of robbery was not established. The rule pronounced in Turner v. State, 1 Oh St 422, is still the law in Ohio and reads:

"Upon the trial of an indictment for robbery, under the 15th section of the crimes act by putting in fear the prosecuting witness, it is not necessary to show that the property taken was actually severed from his person, it is enough if the property was in his presence and under his immediate control, and he laboring under such fear, the property was taken by the accused with intent to steal or rob."

The first assignment of error is overruled.

Under the second assignment of error defendant claims the trial court erred in not finding the defendant insane at the time of the alleged crime. The only medical evidence to establish the defense of not guilty by reason of insanity was that adduced by the defendant. The state produced no rebuttal witnesses on this question. Of the three

witnesses for the defendant, two were psychiatrists and one a physician, the family doctor. One of the psychiatrists was positive in his testimony that the defendant was insane on May 18, 1957, and the other expressed the opinion that while the defendant was mentally ill at that time, he was able to distinguish between right and wrong. Without any further discussion, it is sufficient to say that where there is a conflict in the expert testimony on any subject offered by either or both parties, the question is one for the trier of the facts, in this case the court composed of three judges. See **21 O. Jur. 2d, p. 449, Section 435.** We find no merit in this assignment of error.

For his third assignment of error, defendant urges that the trial court erred in adopting an archaic rule for the determination of mental responsibility for crime; that the well-established "right and wrong" test as pronounced in **State v. Frohner, 150 Oh St 53,** and a long line of decisions beginning with the McNaughten rule inherited from England a century ago is obsolete; that in the field of modern psychiatry the "right and wrong" test is too narrow; that the courts in Ohio should adopt the rule pronounced in Durhan v. United States, 214 F. 2d 862 (1954), which is stated as follows:

"It is simply that an accused is not criminally responsible if his unlawful act was the product of mental disease or mental defect."

In State v. Frohner, supra, the tests in determining mental responsibility for crime is stated as follows:

"A person accused of crime who knows and recognizes the difference between right and wrong in respect of the crime with which he is charged, and has ability to choose the right and abjure the wrong, is legally sane."

If this rule is outmoded in the light of modern development in the field of psychiatry and for that reason a new and different rule should be adopted, under the doctrine of stare decisis, the Supreme Court of Ohio is the only tribunal to make such change. **14 O. Jur. 2d 653, Section 224,** reads in part:

"The court of appeals is conclusively bound by a decision of the Supreme Court. * * * It is the obligation of the court of appeals to reconcile, if possible, the law as pronounced by the Supreme Court and to follow those pronouncements. It is immaterial whether the reasoning advanced in support of the decision is well or ill founded; when the Supreme Court of Ohio lays down the rules of law, such rules of law are binding upon the courts of appeals of Ohio."

Adherence to this rule is necessary to preserve the certainty, the stability and the symmetry of our jurisprudence.

After an examination and consideration of all the assignments of error we find no errors prejudicial to the rights of the defendant and the judgment of the trial court is affirmed.

Judgment affirmed.

GILLEN and RADCLIFF, JJ, concur.